UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CR-00281-AGF |
| SCOTT F. BUROW, | ) ) ) | |
| Defendant. | ) | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Scott F. Burow, represented by defense counsel William S. Margulis, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the amended charge of Coercion and Enticement: Transportation of a Minor to Engage in Prohibited Sexual Conduct in violation of Title 18, United States Code, Section 2422(a), the government agrees that no further federal prosecution will be brought in this District relative to the facts underlying the Indictment and the Superseding Information, of which the Government is aware at this time.

1

The parties agree that the U.S. Sentencing Guidelines calculations contained herein contain guidelines that may be applicable to this case. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document. The parties further agree to jointly request a sentence of 84 months imprisonment to be followed by lifetime supervised release and applicable restitution and assessments. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the sentencing recommendation of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: a Toshiba laptop computer, a Hewlett-Packard laptop computer, two Dell computers, 96 CDs/DVDs, two LG cellular telephones, an Apple iPhone cellular telephone, a Nikon digital camera, a Kingston media storage device, a Sandisk data storage device, a Microsoft data storage device, a Sabrent external hard drive, and a My Passport hard drive. The defendant agrees that said item may be disposed of by law enforcement officials in any manner.

3.  **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Coercion and Enticement: Transportation of a Minor to Engage in Prohibited Sexual Conduct to which the defendant is pleading guilty are: (1) the defendant knowingly persuaded, induced, enticed or coerced a juvenile individual to travel across one or

more state lines and in interstate commerce, (2) with the motivation and purpose of engaging in one or more acts of prostitution with the juvenile individual.

4. **FACTS:**

On April 2, 2020, the Defendant picked up a fifteen-year-old juvenile from Illinois and drove her to his residence in Hannibal, Missouri where he subjected her to sexual activity including sexual intercourse without protection. At the time of the offense, the juvenile was a highly vulnerable youth as she was a ward of the State of Illinois. She resided in a group home in Illinois, that is a residential facility supporting children struggling with issues related to attachment and developmental trauma. The defendant met the juvenile over the internet on a dating website called "seekingarrangements.com." Over the website dating service, the juvenile may have been identified as an adult as it is a website for adults eighteen and over.

The Defendant did not use his name in communicating with the juvenile victim over "seekingarrangements.com." The Defendant arranged a commercial sexual transaction with the juvenile victim, and communicated as follows:

| | |
|---|---|
| Juvenile Victim: | Friday yes or no |
| Defendant: | Depends on when and other negotiables |
| Juvenile Victim: | what |
| Defendant: | When on Friday and what are you offering and asking? |
| Juvenile Victim: | 3 something |
| Juvenile Victim: | I will do anything |
| Juvenile Victim: | u want |
| Juvenile Victim: | Maddison park quincy il |
| Defendant: | How much? |
| Juvenile Victim: | how much do u think is appropriate |
| Defendant: | Everybody has their expectations babe. What are yours? I would hate to shortchange you |
| Juvenile Victim: | anything if u meet me tomorrow |
| Defendant: | Hell I can do today or tomorrow doesn't matter |
| Juvenile Victim: | today |
| Juvenile Victim: | 3 |
| Juvenile Victim: | 100$ |

The defendant was familiar with the fact that there is a children's home at the location where he and the juvenile victim arranged to meet in Illinois:

| | |
|---|---|
| Juvenile Victim: | promise ur coming |
| Defendant: | email? |
| Defendant" | Yeah, I am coming |
| Defendant: | Snapchat? |
| Juvenile Victim: | [Victim provides the Defendant her email address] |
| Juvenile Victim: | you know where right |
| Defendant: | Email me a pic of your face and tits. [Defendant provides the child his email address]. I want to know you are legit and not a cop. |
| Defendant: | Yes, I know where [name of park] is. Right by [name of children's home] on state |
| Juvenile Victim: | yep |
| Juvenile Victim: | im not a cop I hate the police |
| Defendant: | Me too |
| Defendant: | That's why I want to be sure |

The Defendant engaged in communications to confirming that the juvenile victim was not an undercover law enforcement officer.

| | |
|---|---|
| Juvenile Victim: | so do u trust me |
| Defendant; | Do as I ask an dI will |
| Juvenile Victim: | what do u want |
| Defendant: | Pic by email like I asked. Cop won't do that |
| Juvenile Victim: | what sur email |
| Defendant: | I sent it to you above… [resends his email address] |
| Juvenile Victim: | sent one |
| Defendant: | Got it… But not what I requested hon. Face and tits. Cops wont send nude shots. |
| Juvenile Victim: | ok |

The Defendant also communicated with the juvenile victim about sending a nude image to ensure she was not an undercover law enforcement officer:

| | |
|---|---|
| Juvenile Victim: | is there something else I can do to prove im not a cop |
| Defendant: | not that I can think of |
| Juvenile Victim: | so r u still commin |
| Juvenile Victim: | hey |
| Defendant: | I would like to, that I am concerned that you can't work with a fairly simple request |
| Juvenile Victim: | ok im sorry |

4

| | |
|---|---|
| Juvenile Victim: | please I need u |
| Defendant: | And I need security that I ain't going to be in jail tonight |

After receiving an image depicting the juvenile victim's face and breast area, the Defendant proceeded to pick up the juvenile victim from a park adjacent to the children's home where she resided and to drive her across state lines to the defendant's private residence in Hannibal, Missouri. Inside his residence, the defendant engaged acts of oral sexual intercourse and vaginal sexual intercourse with the juvenile victim. The defendant ejaculated into the juvenile victim without a condom or any form of protection against pregnancy or disease. The defendant also video recording these sexual acts without the knowledge or permission of the juvenile victim. Following the sexual acts, the defendant dropped the juvenile victim off outside a Budget Inn hotel in Palmyra, Missouri. The juvenile victim had no significant resources, no means of communication and only the clothes she was wearing. That same afternoon, from a nearby gas station, the juvenile victim flagged down a Palmyra Police Department patrol vehicle for help.

5.  **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Coercion and Enticement to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of up to life and not less than five years.

6.  **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

5

History Category. The parties agree that the following are U.S. Sentencing Guidelines Total Offense Level provisions that may apply.

    a.    **Offense Conduct**:

        (1)    **Coercion and Enticement: Transportation of a Minor to Engage in Prohibited Sexual Conduct, 18 U.S.C. §2422(a).**

            (a)    **Base Offense Level**: The parties recommend that the base offense level is 32 as found in Sections 2G1.3(c)(1) and 2G2.1.

            (b)    **Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

                (i)    two (2) levels should be added pursuant to Section 2G2.1(b)(1), because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years; and

                (ii)    two (2) levels should be added pursuant to Section 2G2.1(b)(2)(A), because the offense involved the commission of a sex act or sexual contact; and

                (iii)    two (2) levels should be added pursuant to Section 2G2.1(b)(6), because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer device to persuade, induce, entice, coerce, and facilitate the travel of, a minor to engage in sexually explicit conduct, and to otherwise solicit participation by a minor in such conduct.

6

      **b.**    **Chapter 3 Adjustments**: The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

          **(1)**    **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

      **c.**    **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is 35.

      **d.**    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

      **e.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    a.  **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    (1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    (2) **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea sentences the defendant to imprisonment for a period of at least eighty-four (84) months.

    b.  **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    c.  **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

8

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

   These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release

resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation up to the maximum term of life imprisonment.

  d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(a) (Coercion and Enticement: Transportation of a Minor to Engage in Prohibited Sexual Conduct). The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

  e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  f. **<u>Fines, Restitution and Costs of Incarceration and Supervision:</u>** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant further agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663, 3663A and 2429, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2429. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2429 and the amount of loss agreed to by the parties oe determined by the Court, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

  g. **<u>Forfeiture:</u>** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **<u>ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:</u>**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-

11

examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

10-31-22
Date

JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney

10-31-22
Date

SCOTT F. BUROW
Defendant

10/31/22
Date

WILLIAM S. MARGULIS
Attorney for Defendant

14